**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BERNARD GULLY,** | |
| **Petitioner,** | |
| **v.** | **Case No. 3:21-CV-1039-NJR** |
| **DARREN GALLOWAY, Warden of Shawnee Correctional Center,[1]** | |
| **Respondent.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Bernard Gully, a former prisoner of the Illinois Department of Corrections who is currently on parole, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his Illinois state conviction. Gully asserts numerous grounds for habeas relief, including but not limited to prosecutorial misconduct, violation of the constitutional prohibition against double jeopardy, violation of his constitutional right to due process, judicial bias, withholding of exculpatory evidence, and violation of his speedy trial rights. He also claims that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Respondent argues Gully has not preserved these claims for habeas review by presenting them at each level of Illinois's judicial review process. For the reasons set forth below, the Court agrees that Gully has procedurally defaulted on his claims. The petition, therefore, is denied.

---

[1] Darren Galloway is now the warden at Shawnee Correctional Center, where Gully was incarcerated, and is hereby **SUBSTITUTED** as the respondent. *See* FED. R. CIV. P. 25(d).

BACKGROUND

In 2016, Gully was charged in the Circuit Court of Cook County with driving on a revoked license. *People v. Gully*, 177 N.E.3d 710 (Ill. App. Ct. 2020), ¶ 6, *appeal denied*, 167 N.E.3d 631 (Ill. 2021). While driving on a revoked license is typically a Class A misdemeanor, the State sought an enhanced Class 1 felony sentence because Gully allegedly committed the offense while his driver's license was revoked for reckless homicide. *Id.* ¶ 5. Gully also had two prior violations for driving while his license was revoked for reckless homicide. *Id.*

Gully proceeded to trial *pro se*. The State presented evidence that on August 9, 2016, a police officer pulled over a vehicle driven by Gully for turning without using a signal. (Doc. 22-3 at p. 10). Gully told the police officer he did not have a driver's license. (*Id.*). The State also presented a witness from the Secretary of State's Office who testified that Gully's license was revoked at the time he was pulled over on August 9, 2016. (*Id.*). Gully testified in his own defense, and on cross-examination he admitted he was driving while his driver's license was revoked. (*Id.*). The jury found Gully guilty. (*Id.*).

At sentencing, Gully argued that he did not qualify for a Class X sentence when his prior convictions for driving with a revoked license were misdemeanors. (*Id.* at 12). He also argued that he had completed a required alcohol treatment program in 2013, was approved for reinstatement by the Secretary of State, and was issued two restricted driving permits in 2013. (*Id.*). Still, the state court sentenced Gully as a mandatory Class X offender to 12 years' imprisonment. *Gully*, 2020 IL App (1st) 180275, ¶ 1.

### A.  Direct Appeal

Through appointed counsel, Gully filed a motion to reconsider the sentence and argued the 12-year sentence was excessive for a traffic violation. (Doc. 17 at p. 2). He also asserted that the trial court's sentence was punishment for Gully's *pro se* interactions with the court. (*Id.*). The motion to reconsider was denied on January 24, 2018. (*Id.*).

Gully filed a direct appeal on December 4, 2019, arguing that his conviction was illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Doc. 22-3). Specifically, Gully argued that in order to enhance his sentence for the Class A misdemeanor of driving while one's license is revoked to a Class 1 felony sentence, the prosecution was required to prove beyond a reasonable doubt the reason for that license revocation. That is because, under *Apprendi*, the facts necessary to establish the sentence enhancement were facts "other than the fact of a prior conviction." (*Id.*). Appointed counsel also argued that Gully did not forfeit this argument because he tried to raise it *pro se* in pretrial proceedings, but the trial court would not entertain his argument. (*Id.* at pp. 23-24).

The Illinois Court of Appeals affirmed Gully's sentence on June 26, 2020. *People v. Gully*, 177 N.E.3d 710 (Ill. App. Ct. 2020). While the appellate court found that Gully forfeited his *Apprendi* claim in the trial court, it went on to review his claim for plain error. And, under Illinois precedent, the appellate court found no plain error in the trial court's failure to require the prosecution to prove the facts of Gully's prior revocations beyond a reasonable doubt. *Id.* Gully filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on March 24, 2021. *People v. Gully,* 167 N.E.3d 631 (Ill. 2021).

### B.  State Court Post-Conviction Motion

Gully also filed a *pro se* post-conviction petition in the Illinois trial court on September 18, 2019. (Doc. 17 at pp. 3-4). In a supplemental petition, Gully raised the following claims: (1) ineffective assistance of trial counsel for failure to raise the State's use of false and misleading statements to procure an indictment; (2) ineffective assistance of trial counsel for failure to raise an *Apprendi* claim in his motion to reconsider the sentence; (3) violation of the right to be free from double jeopardy, ex post facto laws, and excessive punishment; (4) denial of a fair hearing when the State and trial court colluded to deny his motion to dismiss; (5) presentation of perjured testimony by the State; (6) failure by the State to present a clean abstract; and (7) violation of the Illinois Constitution's single-subject clause. (*Id.*). The trial court dismissed Gully's petition on August 20, 2020. Gully did not appeal this decision to the Illinois Court of Appeals, but instead filed a petition for leave to appeal directly with the Illinois Supreme Court. The Illinois Supreme Court denied Gully's petition for leave to appeal on September 29, 2021. *People v. Gully*, 175 N.E.3d 142 (Ill. 2021).

### C.  Gully's § 2254 Petition

On August 20, 2021, Gully filed a petition for writ of habeas corpus in this district court pursuant to 28 U.S.C. § 2254. (Doc. 1). Gully amended his petition on June 30, 2022, to allege that: (1) prosecutors committed misconduct by (a) eliciting perjured testimony before the grand jury, (b) falsifying documents, (c) withholding exculpatory evidence, (d) making false statements, and (e) inducing Gully to plead guilty to a prior offense in 2015, which was used to enhance his sentence in this conviction; (2) the enhanced

punishment he received violated the U.S. Constitution's protection against double jeopardy, ex post facto laws, and excessive punishment; (3) the statute authorizing his sentence enhancement violated the Illinois Constitution's single-subject clause; (4) the trial court judge was biased and threatened to remove him from the court for his efforts to inform the jury of evidence that would allow them to decide whether to enhance his sentence; (5) the trial court violated his right to a fair trial by refusing to allow him to present evidence of the court's intention to enhance his sentence; (6) the trial court denied him due process by refusing to sanction the prosecution for failing to turn over exculpatory evidence; (7) the use of his 2015 guilty plea to enhance his sentence for this conviction was improper under *Gideon v. Wainright*, 372 U.S. 335 (1963), because he was uncounseled when he pleaded guilty to that offense; and (8) laws criminalizing a citizen's right to travel and access public highways paid for with tax dollars violate the Fourteenth Amendment. (Doc. 17).

Respondent asserts these claims are procedurally defaulted because Gully failed to raise them through a complete round of state court review. (Doc. 21). Although Gully raised some (but not all) of these claims in his state court postconviction petition, Respondent argues, he did not appeal the denial of that petition to the Illinois Court of Appeals. (*Id*.). Rather, he immediately filed a petition for leave to appeal with the Illinois Supreme Court. (*Id*.). Thus, Gully defaulted on these claims. (*Id*.). Furthermore, to the extent the Court finds that Gully exhausted his *Apprendi* claim because he raised it on direct appeal, that claim still fails because the state court denied it on the independent and adequate state law ground of forfeiture. (*Id*.).

In reply, among other arguments, Gully contends that federal habeas corpus law requires only that state prisoners give state courts a fair opportunity to act on their claims. (Doc. 23). And in Illinois state courts, he argues, "circumstances exist that render such process ineffective to protect the rights of the applicant." (*Id.*). Gully also argues he did not procedurally default on his *Apprendi* claim, and the state appellate court erred in finding no plain error.

## LEGAL STANDARD

Under 28 U.S.C. § 2254, a district court shall review an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States. § 2254(a). A petition for writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State" or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1).

Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). Habeas relief is restricted to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Even an incorrect or erroneous application of federal precedent will not justify habeas relief; rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "A state court's decision is reasonable . . . so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *McDaniel v. Polley*, 847 F.3d 887, 893 (7th Cir. 2017) (internal citations omitted). For habeas relief to be granted, the state court's application of federal precedent must have been "objectively unreasonable," meaning "something like lying well outside the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (internal citations omitted).

## ANALYSIS

"Before a federal court may grant habeas relief to a state prisoner, the prisoner

must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Section 2254(c) requires that "state prisoners give state courts a *fair* opportunity to act on their claims." *Id.* at 844. Because state courts are also required to enforce federal law, when a prisoner claims his continued confinement for a state court conviction violates federal law, the state court should have the first opportunity to hear the claim and provide any relief. *Id.* This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

Here, Gully raised Claims 1(a)-(d), Claim 2, Claim 3, and Claim 6 in his post-conviction petition, but he did not appeal the denial of those claims to the Illinois Court of Appeals. Instead, he went straight to the Illinois Supreme Court, which means the Illinois Supreme Court did not have an opportunity to review the lower court's decision. And Gully never raised Claims 1(e), 4, 5, 7 and 8 in any level of state court review. Thus, he has procedurally defaulted on these claims. *See McGhee v. Watson*, 900 F.3d 849, 854 (7th Cir. 2018) (finding claims in § 2254 to be procedurally defaulted where petitioner failed to assert federal claim through one *complete* round of state court review); *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (petitioner is "required to raise the claim at each level of state court review: in his initial post-conviction petition before the trial court, in his appeal to the Illinois Appellate Court, and in his Petition for Leave to Appeal (PLA) to the Illinois Supreme Court").

Respondent acknowledges that there may be one claim Gully did fully exhaust through the direct appeal process—his *Apprendi* claim. In Claim 5, Gully asserts the trial

court violated his right to a fair trial by refusing to allow him to present evidence of the court's intention to enhance his sentence. To the extent this can be read to raise the *Apprendi* claim that Gully raised on direct appeal (*i.e.*, that the jury had to make a factual finding that his license was revoked for committing reckless homicide), Respondent argues that this claim is procedurally defaulted for a different reason: the Illinois Court of Appeals denied Gully's claim on the independent and adequate state law ground of forfeiture because he failed to raise an *Apprendi* claim in the trial court. Respondent argues that when a state court resolves a federal claim by relying on a state-law ground that is independent of the federal question and adequate to support the judgment, the claim is not open to federal habeas review. Here, Respondent asserts, Illinois's forfeiture rule is an independent and adequate state law ground that bars federal habeas review.

This Court agrees. It is well established that in habeas cases involving state prisoners under § 2254, federal courts may not address the merits of a claim that the state court resolved on an independent ground. *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015) (citing *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)); *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) ("If a state court clearly and expressly states that its judgment rests on a state procedural bar and does not reach the merits of a federal claim, then we are unable to consider that claim on collateral review.").

In *Crockett*, for example, the Illinois Court of Appeals found that the petitioner had waived a sufficiency-of-the-evidence challenge to his murder conviction by failing to raise it at the first opportunity. *Id.* On appeal in his § 2254 habeas case, the Seventh Circuit found that it could not address the merits of the petitioner's sufficiency-of-the-evidence

claim because the Illinois state court resolved the issue on a state law ground that was both "independent of the federal question and adequate to support the judgment." *Id.* ("This doctrine stems from equitable considerations of federalism and comity, and it protects the states' interests in correcting their own courts' mistakes.").

Likewise, this Court cannot review the appellate court's finding that Gully forfeited his *Apprendi* argument at the trial court level. The Court of Appeals resolved the issue by finding that Gully forfeited it under Illinois law—a reason that is both independent of the federal issue and adequate to support the state court's judgment. The fact that the Illinois Court of Appeals then reviewed Gully's *Apprendi* claim for plain error does not change the outcome, as plain error review is not a determination on the merits of a claim. *Gray*, 598 F.3d at 329 ("[W]e have repeatedly explained that where a state court reviews the claim for plain error as the result of a state procedural bar such as the Illinois doctrine of waiver, that limited review does not constitute a decision on the merits.").

Gully further argues that the appellate court's plain error analysis was wrong because he *attempted* to raise the *Apprendi* issue but was shut down by the trial judge. But resolution of this argument would require this Court to review the Illinois Court of Appeals' decision regarding Gully's forfeiture, which this Court cannot do. "In assessing the adequacy of a state procedural ruling, federal courts do not review the merits of the state court's application of its own procedural rules" as long as the rule invoked was "firmly established and regularly followed." *Crockett*, 807 F.3d at 167. "If so, federal review is barred, absent a showing of either cause and prejudice or actual innocence." *Id.* Here, there is no doubt that the doctrine of forfeiture is firmly established and regularly

followed under Illinois law, and Gully has not shown cause and prejudice or actual innocence. Indeed, Gully admitted during trial that he was driving while his license was revoked, and the State could have proven the sentence-enhancing facts beyond a reasonable doubt at trial by pointing to Gully's previous convictions and license revocation for reckless homicide. *See Gully*, 177 N.E.3d at 717.

For these reasons, the Court finds that Gully is not entitled to habeas relief under 28 U.S.C. § 2254.

CONCLUSION

The First Amended Petition for Writ of Habeas Corpus filed by Petitioner Bernard Gully (Doc. 17) is **DENIED**.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order averse to the applicant." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, a petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Gully has not stated

any grounds for relief under § 2254, and reasonable jurists would not find that conclusion debatable or wrong. Thus, Gully has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

NOTICE

If Gully wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Gully chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Gully files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Gully will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned has already declined to issue a certificate of appealability. Thus, Gully must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Gully cannot afford

Page 12 of 14

to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Gully plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Gully wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within **28 days** of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014);

*Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Gully showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:   June 10, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**